914 F.2d 248
 54 Empl. Prac. Dec. P 40,151, 66 Ed. Law Rep. 543
 Unpublished Disposition
NOTICE: Fourth Circuit I.O.P. 36.6 states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Fourth Circuit.
Paul NUCHIMS, John Finnegan, Grace Norton, Edwin D. Hoffman,
on their behalf and on behalf of all similarly
situated persons, Plaintiffs-Appellants,
v.
STATE OF WEST VIRGINIA, Defendant-Appellee,
Equal Employment Opportunity Commission, the American
Association of Retired Persons, Amici Curiae.
 No. 89-2487.
 United States Court of Appeals, Fourth Circuit.
 Argued June 7, 1990.
Decided Aug. 8, 1990.
 
 Appeal from the United States District Court for the Southern District of West Virginia, at Charleston. Charles H. Haden, II, Chief District Judge. (CA-89-1101)
 Guy Richard Bucci, Bucci & Ranson, Charleston, West Virginia (argued), for appellants; John M. Hedges, Charleston, West Virginia, on brief. Carolyn L. Wheeler, Equal Employment Opportunity Commission (Argued), Washington, D.C., for amicus curiae EEOC; Charles A. Shanor, General Counsel, Gwendolyn Young Reams, Associate General Counsel, Lorraine C. Davis, Assistant General Counsel, Equal Employment Opportunity Commission, Washington, D.C., on brief.
 Daniel R. Schuda, Steptoe & Johnson, Charleston, West Virginia (Argued), for appellee; Thomas J. Gillooly, Senior Deputy Attorney General, Charleston, West Virginia, on brief.
 Steven S. Zaleznick, Cathy Ventrell-Monsees, American Association of Retired Persons, Washington, D.C., for amicus curiae AARP.
 S.D.W.Va., 724 F.Supp. 1219.
 REVERSED AND REMANDED.
 Before ERVIN, Chief Judge, and MURNAGHAN and CHAPMAN, Circuit Judges.
 PER CURIAM:
 
 
 1
 Appellants are a group of faculty members, aged forty and above, teaching at public colleges and universities in West Virginia. They brought this suit against the State of West Virginia under the Age Discrimination in Employment Act of 1967, as amended ("ADEA"), 29 U.S.C. Secs. 621 et seq., arguing that the Higher Full-time Faculty Salaries Act, W.Va.Code Secs. 18-22-1 et seq., discriminates against them because it confers a disproportionate financial advantage to younger faculty members. The district court dismissed the case after finding that it was barred by the doctrine of legislative immunity. We reverse.
 
 
 2
 There are at least two published decisions of this court which apply the doctrine of legislative immunity in ADEA cases. In Schlitz v. Virginia, 854 F.2d 43, 46 (4th Cir.1988), we held that an action by a former state judge, challenging the state legislature's failure to reelect him, was barred because "the Commonwealth would be unable to defend th[e] action unless the legislators testif[ied] as to their motives for declining to reelect [him]." The court stated that the doctrine would apply whether or not individual legislators were named defendants because "[t]he purpose of the doctrine is to prevent legislators from having to testify regarding matters of legislative conduct, whether or not they are testifying to defend themselves." Id.
 
 
 3
 In Baker v. Mayor and City Council of Baltimore, 894 F.2d 679 (4th Cir.), petition for cert. filed, --- U.S. ---- (May 23, 1990) (No. 89-1842), two former city employees brought an age discrimination action against the Mayor and City Council of Baltimore because budget cuts had resulted in the termination of their positions. They claimed that the elimination of their jobs violated the ADEA. Although the suit named the Mayor and City Council members as defendants, the court noted that the actual defendant in the case was the City. In Baker we also found that legislative immunity applied because the City's defense would involve the testimony of municipal legislators regarding "their motivation behind the elimination of [the plaintiffs'] positions." Id.
 
 
 4
 The district court dismissed this case because it determined that in order to defend this action, the State of West Virginia would have to present the testimony of members of the legislature. This conclusion, however, is not at all obvious to us. This case does not involve a decision to terminate an employee as in Schlitz and Baker. Rather, it involves the application of a West Virginia statute which sets minimum salaries for faculty members at state schools. After reviewing the record,* it is not clear to us whether or not legislators will need to testify in this case. We find that it is far too early to make such a determination. The district court order dismissing this action is thus reversed and remanded for further proceedings.
 
 
 5
 REVERSED AND REMANDED.
 
 
 
 *
 The district court acted on a very sparse record, which contained only the co mplaint, amended complaint, EEOC determination, defendant's motion to dismiss o n the grounds of legislative immunity and eleventh amendment immunity, and plai ntiff's reply to the motion to dismiss. Based on what is before us, we find it impossible to ascertain either the exact nature of the plaintiffs' claims or w hat the State will be required to do in order to properly defend against the un derlying ADEA action